Butler v. Ritter.

## JAMES BUTLER

### v.

## MARY RITTER AND H. C. MISENHEIMER.

*Practice—Action in Justice Court—Judgment for Defendant—Appeal— Substitution of New Plaintiff—Judgment for Plaintiff—Issue of* Procedendo—*Action on Appeal Bond.*

1. Where an action was brought in a justice court, in which affirmative judgment was rendered in favor of the defendant and against the plaintiff, from which judgment plaintiff appealed to the County Court, wherein a new party was added as co-plaintiff, and the suit then discontinued as to the original plaintiff, and a judgment rendered in favor of the new plaintiff and against the original defendant, *Held:* That the substitution of a new party as plaintiff by the County Court was error; that such judgment in favor of the substituted plaintiff must be regarded as the judgment in the original suit; that the issue of a *procedendo* by the County Court, " in the case of " the original plaintiff against the defendant, was without jurisdiction and void, and that there was no breach of the condition of the appeal bond given by the original plaintiff, and no action thereon can be sustained.

[Opinion filed September 20, 1890.]

Appeal from the County Court of Moultrie County; the Hon. C. N. Twadell, Judge, presiding.

Mr. R. M. Peadro, for appellant.

Messrs. F. M. Harbaugh and Spitler & Hudson, for appellees.

Conger, P. J.   The facts necessary to an understanding of this case are as follows:   Mary Ritter brought suit before a justice of the peace against appellant, Butler, and upon the trial Butler recovered a judgment against Mary Ritter for $30. Mary Ritter took an appeal to the County Court, appellee Misenheimer signing the appeal bond with her.   On the trial in the County Court, the court allowed Mary Ritter to make John D. Ritter a co-plaintiff with her, and after all the evidence was introduced the record shows the following entry:   " Plaintiffs by their attorneys enter a motion to discontinue as to Mary Ritter; motion granted and cause discontinued as to Mary Ritter."   The jury found a verdict in favor of John D. Ritter, for $13.40, and the court thereupon entered the following judgment :   " It is therefore ordered by the court that the plaintiff, John D. Ritter, have and recover of and from the defendant, James Butler, the sum of thirteen dollars and forty cents, together with costs of suit, to be taxed by the clerk of this court, and that *procedendo* be awarded in the case of Mary Ritter v. James Butler, and it is further ordered that execution issue therefor."

*Procedendo* was issued and served, execution issued by the justice and returned " no property found."

The present suit was then brought upon the appeal bond before a justice, and upon appeal to the County Court judgment was rendered against appellant for costs, and the record in that case is brought to this court for review.

The judgment of the County Court upon the trial of the appeal case of Ritter v. Butler was inconsistent and contradictory, and it is somewhat difficult to determine which one of

the two judgments entered is to govern.   The court proceeded upon the theory that the one suit of Mary Ritter against Butler had in the County Court developed into two, and hence required two distinct judgments; one based upon the verdict of the jury in favor of John D. Ritter, and the other based upon the theory that Mary Ritter, having dismissed or abandoned her appeal by her withdrawal from the cause, a *procedendo* should issue to the justice to enforce the judgment recovered before him by Butler against Mary Ritter.   It was clearly wrong to allow John D. Ritter to be substituted as plaintiff instead of Mary Ritter, but as the actiɔn in which it was done was a collateral proceeding to the one before us, we can not do otherwise than to apply the 23d Section of the Practice Act, and to hold that the adjudication of the court in allowing John D. to be substituted as plaintiff in place of Mary Ritter is conclusive evidence of the identity of the action in the County Court with the one before the justice of the peace, and hence the judgment for $13.40 in favor of John D. Ritter and against James Butler, is all that can be regarded as the judgment of the court, and by the 23d section must be regarded as the judgment in the said case that was appealed from the justice, wherein Mary Ritter had been plaintiff.

There was therefore no failure to prɔsecute the appeal and no grounds for treating the conditions of the bond as violated, and no other judgment could be pronounced than that which was entered by the court in this case.

The portion of the judgment offered in evidence requiring a *procedendo* to issue, was not only void for want of jurisdiction, as Mary Ritter had at that time been dismissed from the case and was no longer before the court, but also void because it was inconsistent with the rest of the judgment.

Complaint is made as to the instruction but it is not necessary to notice them, for the reason, as we think, no other judgment would have been proper, except the one rendered by the County Court.

*Judgment affirmed.*